IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEANDRE NORRA,<br><br>　　　　Petitioner,<br><br>　vs.<br><br>THE PEOPLE OF CALIFORNIA,<br><br>　　　　Respondent.<br>　　　　　　　　　　　　　　　　　　　／ | No. C 11-4322 YGR (PR)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION; DENYING PETITIONER'S IMPLIED MOTION TO AMEND PETITION; AND TERMINATING PETITIONER'S REMAINING PENDING MOTIONS AS MOOT**<br><br>(Docket Nos. 19, 26, 27) |

## INTRODUCTION

Petitioner, a state prisoner incarcerated at High Desert State Prison, seeks a writ of habeas corpus under 28 U.S.C. § 2254, challenging his 2009 conviction.

Before the Court is Respondent's motion to dismiss the instant petition for three reasons: (1) personal jurisdiction over a proper respondent is lacking; (2) the petition raises only procedurally barred claims; and (3) the petition is untimely under 28 U.S.C. § 2244(d) -- the statute of limitations set by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

Also before the Court is what it construes as Petitioner's implied motion to amend his petition to add a new sentencing claim, as well as his two motions entitled, "Motion for Disposition Order."    Having considered all of the papers filed by the parties, the Court agrees that Petitioner's claims are barred.  Accordingly, the Court GRANTS Respondent's motion to dismiss the petition, DENIES Petitioner's implied motion to amend his petition, and terminates Petitioner's remaining pending motions as moot.

## DISCUSSION

On March 30, 2009, an Alameda County jury convicted Petitioner of carjacking with personal use of a firearm.  Petitioner was sentenced to state prison for nineteen years.

Thereafter, Petitioner appealed his conviction to the California Court of Appeal, arguing that the trial court (1) abused its discretion in requiring the jury to continue deliberating after twice informing the court that it was deadlocked; and (2) violated his constitutional right to due process by

coercing the jury to reach a verdict. Alternatively, Petitioner asserted that if he forfeited his claim, he was denied effective assistance of counsel.

On March 30, 2010, the state appellate court affirmed the judgment.

On April 21, 2010, Petitioner filed a petition for review in the California Supreme Court. On July 14, 2010, the state supreme court denied review.

On August 8, 2011, Petitioner filed a state habeas petition in the Alameda County Superior Court, contending that his conviction was not supported by sufficient evidence.

On September 14, 2011, Petitioner filed his federal petition in the instant action.[1]

On September 28, 2011, the state superior court denied Petitioner's state habeas petition as procedurally barred, untimely, and failing to state a prima facie case for relief.

In an Order dated November 28, 2011, this Court dismissed the original federal petition with leave to amend.

On January 4, 2012, Petitioner filed an amended petition, raising a new, separate and distinct ground, namely that his conviction was not supported by sufficient evidence, referred herein as his "sufficiency of the evidence" claims.

In an Order dated January 18, 2012, the Court ordered Respondent to show cause why a writ of habeas corpus should not be granted.

On February 13, 2012, the Court received from Petitioner a new federal petition, which was not filed and instead marked as "RECEIVED" by the Clerk of the Court. In that petition, Petitioner claims that the sentence for the gun enhancement should be stayed under California Penal Code § 654. Because the Court has already treated Petitioner's amended petition as the operative complaint and issued its order to show cause, it will construe his February 13, 2012 filing as an implied motion to amend the petition to add his sentencing claim.

---

[1] The Court notes that this habeas case was actually opened on August 31, 2011, when Petitioner filed a motion for stay and abeyance, saying that he had habeas issues he wished to exhaust in state court. The Clerk of the Court sent him a notice that he had not filed a petition and should do so within thirty days to avoid dismissal. On September 14, 2011, he filed a petition on the Court's form.

On March 26, 2012, in lieu of filing an Answer, Respondent filed the instant motion to dismiss. Petitioner filed an opposition, and Respondent filed a reply.

**I.     Respondent's Motion to Dismiss as Procedurally Barred**

"When a state prisoner has defaulted a claim by violating a state procedural rule which would constitute adequate and independent grounds to bar direct review in the U.S. Supreme Court, he may not raise the claim in federal habeas, absent a showing of cause and prejudice or actual innocence." *Wells v. Maass*, 28 F.3d 1005, 1008 (9th Cir. 1994) (citing *Coleman v. Thompson*, 501 U.S. 722, 729-30, 750-51 (1991)).

Respondent argues that Petitioner's claims are procedurally defaulted from federal habeas review because the state superior court's rejection of the "sufficiency of the evidence" claims rests on adequate and independent state law grounds. Among other reasons, the state superior court denied Petitioner's "sufficiency of the evidence" claims because he did not raise them on direct appeal, citing *Ex parte Lindley*,[2] 29 Cal. 2d 709 (1947) ("sufficiency of the evidence" claims cannot be raised in a state habeas petition). The Ninth Circuit has held that the state procedural bar rule of *Lindley* constitutes an independent and adequate state ground barring federal review. *Carter v. Giurbino*, 385 F.3d 1194, 1198 (9th Cir. 2004). California state courts have consistently applied the *Lindley* procedural bar rule since 1947. *Id.*

Thus, federal habeas review of Petitioner's "sufficiency of the evidence" claims is barred unless Petitioner can demonstrate either (1) cause for the default and actual prejudice as a result of the alleged violation of federal law, or (2) that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. He does not demonstrate either. Petitioner's opposition papers provide no showing of cause or prejudice or of a miscarriage of justice that would excuse his procedural default in not raising his "sufficiency of the evidence" claims on

---

[2] The state superior court incorrectly spelled the name of the case as "Lindsey" instead of "Lindley." (Resp't Ex. 6.) The state superior court indicated the correct citation for *Lindley*, and noted that Petitioner's sufficiency of the evidence claims "should be raised on direct appeal." (*Id.*) Therefore, this Court properly interprets that the state superior court meant to cite *Lindley*.

direct appeal.

Accordingly, Respondent's motion to dismiss the petition as procedurally barred (Docket No. 19) is GRANTED.[3]

## II.    Petitioner's Implied Motion for Leave to Amend Petition

Once a responsive pleading has been filed a habeas petitioner must obtain leave of court to file an amended petition. Habeas petitions may be amended or supplemented as provided in the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 2242; *Anthony v. Cambra*, 236 F.3d 568, 576 (9th Cir. 2000). Although Federal Rule of Civil Procedure 15(a) requires that leave to amend "shall be freely given when justice so requires," the court may consider whether there is any evidence of undue delay, bad faith or dilatory motives with respect to the filing of an amendment when determining whether leave to amend should be granted. *See id.* at 577-78.

As mentioned above, the Court construes Petitioner's February 13, 2012 filing as an implied motion to amend the petition to add his sentencing claim. Respondent argues that Petitioner should not be permitted to amend his petition to add the sentencing claim because it is untimely, unexhausted, and noncognizable.

### A.    Timeliness Based on Relation-Back to Original Petition

The Court first addresses Respondent's argument that the sentencing claim is untimely. Specifically, Respondent argues that, because Petitioner failed to put Respondent on notice of the sentencing claim in the original petition, the amendment cannot relate back to the filing date of the original petition, and therefore it is barred by the one-year statute of limitations for filing habeas claims in federal court.

Federal Rule of Civil Procedure 15(c), which governs relation back of amendments, applies to a petitioner's attempt to amend his petition to add newly exhausted claims. *Id.* If the State was on notice of the claim sought to be added to the petition *before* the statute of limitations period expired, the amendment could relate back to the original petition and not be time-barred. *See id.* at 576-77.

---

[3] The Court need not address Respondent's alternative arguments that the petition fails to name a proper respondent or is untimely.

4

If the State was *not* on notice of the claims in a timely manner, then they will not relate back. *See id.* (State had notice of new claims because each claim proposed to be added in amended petition had been raised as unexhausted claim in original petition; distinguishing cases where relation back not allowed because proposed new claims had not been made known to State before statute of limitations deadline).

Having reviewed Petitioner's original petition and his amendment, the Court finds that Respondent was *not* put on notice of the sentencing claim by the claims raised in the original petition; therefore, the amendment cannot relate back to the date the original petition was filed. For this reason, the filing of the sentencing claim does not relate back to the original petition. Thus, the Court next addresses the timeliness of the sentencing claim standing alone.

**B.     Timeliness of Stand-Alone Amendment**

AEDPA, which became law on April 24, 1996, imposed a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

The one-year period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). AEDPA's one-year time limit, however, did not begin to run against any state prisoner before the date of the Act's enactment. *Calderon v. United States District Court (Beeler)*, 128 F.3d 1283, 1287 (9th Cir. 1997) (allowing § 2244(d)'s limitation period to commence before AEDPA's enactment would have an impermissible retroactive effect), *overruled in part on other grounds by Calderon v. United States District Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998) (en banc).

A state prisoner with a conviction finalized after April 24, 1996, such as Petitioner, ordinarily must file his federal habeas petition within one year of the date his process of direct review came to an end. *See id.* "Direct review" includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). If a petitioner fails to seek a writ of certiorari from the United States Supreme Court, AEDPA's one-year limitations period begins to run upon the expiration of the ninety-day period as defined pursuant to California Supreme Court Rule 13. *See Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002) (where petitioner did not file petition for certiorari, his conviction became final ninety days after the California Supreme Court denied review); *Bowen*, 188 F.3d at 1159 (same).

In the present case, the limitations period started running on October 12, 2010 -- when Petitioner's sentence became final ninety days after the California Supreme Court denied review. *See id.* Thus, Petitioner had one year from the time the limitations period started running -- or until October 12, 2011 -- to file his federal habeas petition, absent tolling. Petitioner did not file the amendment with the sentencing claim until February 13, 2012 -- more than one year after the limitations period had expired. The February 13, 2012 amendment is therefore untimely under subsection (A) above.[4] Therefore, the February 13, 2012 amendment would be untimely, even if leave to amend the petition were granted.

Petitioner has not shown that he would be entitled to tolling of the one-year statute of limitations, thus granting leave to amend would be pointless as the sentencing claim would be time-barred.

Accordingly, the Court exercises its discretion to DENY Petitioner's implied motion to amend the petition to add his sentencing claim.[5]

---

[4] Petitioner does not argue that he is entitled to review of his sentencing claim under 28 U.S.C. § 2244(d)(1)(B), (C) or (D).

[5] The Court need not address Respondent's alternative argument that Petitioner's sentencing claim is unexhausted and noncognizable.

6

### III.     Certificate of Appealability

The federal rules governing habeas cases brought by state prisoners have been amended to require a district court that dismisses or denies a habeas petition to grant or deny a certificate of appealability in its ruling. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (effective December 1, 2009).

For the reasons stated above, Petitioner has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a certificate of appealability is DENIED as to all claims.

## CONCLUSION

For the reasons outlined above, the Court orders as follows:

1.      Respondent's motion to dismiss the petition (Docket No. 19) is GRANTED.

2.      If the Court granted Petitioner leave to amend his petition to add the sentencing claim, it would be dismissed as untimely for the reasons discussed above. Therefore, the Court DENIES Petitioner's implied motion to amend the petition.

3.      The Court DENIES a certificate of appealability as to Petitioner's entire petition.

4.      Petitioner's two remaining pending motions entitled, "Motion for Disposition Order," (Docket Nos. 26, 27) are terminated as moot.

5.      The Clerk shall enter judgment, terminate all pending motions, and close the file.

6.      This Order terminates Docket Nos. 19, 26 and 27.

IT IS SO ORDERED.

DATED:   February 28, 2013

*(signature)*
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**